QUESTEL *v.* CONDE ET AL.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 747.—Resuelto en junio 28, 1912.

HIJOS NATURALES—ACCIÓN DE RECONOCIMIENTO—SENTENCIA POR CONSENTIMIENTO DEL DEMANDADO—DEMANDA INSUFICIENTE.—Cuando una demanda no contiene hechos suficientes que determinen una causa de acción y que puedan servir de fundamento al tribunal sentenciador para basar la declaración de un derecho, es indudable que dicho tribunal no puede conceder el derecho reclamado en la demanda, aunque la parte demandada deje de oponerse a la demanda y esté conforme en que se dicte sentencia de acuerdo con la súplica de la misma, pues en tal caso la sentencia no estaría fundada en la ley.

ID.—SUFICIENCIA DE LA DEMANDA—APELACIÓN.—Este tribunal puede examinar la suficiencia de los hechos alegados en una demanda, aun cuando dicha cuestión no haya sido promovida ni ante el tribunal inferior ni ante este tribunal en apelación.

ID.—ACCIÓN DE RECONOCIMIENTO NACIDA BAJO LA LEY 11 DE TORO Y EJERCITADA DESPUÉS DE REGIR EL CÓDIGO CIVIL ESPAÑOL.—Una acción de filiación nacida bajo el régimen de la Ley 11 de Toro, pero no ejercitada hasta después de

empezar a regir el Código Civil español, debe regularse en cuanto a su ejercicio por las disposiciones del artículo 137 del Código Civil español. (*Gual et al. v. Bonafoux et al.*, 15 D. P. R., 559.)

ID.—INTERPRETACIÓN DE LEY—PRESCRIPCIÓN DE LA ACCIÓN DE RECONOCIMIENTO—EXTENSIÓN DEL DERECHO.—De acuerdo con la jurisprudencia constante de este tribunal el tiempo para ejercitar la acción de reconocimiento de hijo natural, dura solo el tiempo fijado por la ley, y al vencimiento de esos términos, caduca *ipso facto*, el derecho del hijo natural a ser reconocido, y no puede revivir tal derecho.

ID.—PRESCRIPCIÓN DE LA ACCIÓN DE RECONOCIMIENTO—ALLANAMIENTO DEL DEMANDADO A LA DEMANDA—FALTA DE ALEGACIÓN DE LA PRESCRIPCIÓN.—De acuerdo con la doctrina sentada en el párrafo anterior, cuando, como en el caso de autos, se ejercita una acción de reconocimiento de hijo natural que ha prescrito ya, el derecho del demandante ha caducado, y aun en el caso de que el demandado se haya allanado a la demanda, dejando de alegar la defensa de prescripción de la acción, y por el contrario consintiendo en que se dicte sentencia de acuerdo con la súplica de la demanda, puede el tribunal sentenciador dictar sentencia declarando sin lugar la demanda por no aducir hechos suficientes para determinar una causa de acción por haber prescrito la acción.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Felipe Casalduc.*

Abogado de los apelados: *Sr. Tomás Castillo.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El apelante Esteban Questel presentó en 31 de marzo de 1911 una demanda, en la Corte de Distrito de Ponce, dirigida contra la viuda e hijos de Narciso Carreras Rivas, en su carácter de herederos de éste, en la que solicitaba ser declarado hijo natural de dicho Narciso Carreras Rivas fallecido el 7 de agosto de 1893, con derecho a usar su apellido y de los demás que como tal le otorgue la ley, para lo que se fundó en haber nacido el 24 de agosto de 1876 de Juana Ceferina Questel cuando ésta vivía en concubinato con Narcisco Carreras Rivas, siendo ambos solteros, cuyas relaciones sostuvieron hasta tres años después en que su padre casó con la demandada Francisca Conde, exponiendo también la demanda algunos hechos tendentes a demostrar actos de reconocimiento por parte de su padre.

Los demandados presentaron como única alegación una contestación en la cual reconocen al demandante como hijo natural de Narciso Carreras Rivas, por cuyo motivo se alla-

naron a la demanda y pidieron a la corte que de acuerdo con la súplica de ella dictara su sentencia, sin imponerles las costas.

Habiendo el demandante después de esto pedido a la corte que sin más trámites pronunciara su sentencia, ésta dictó su fallo en 22 de agosto de 1911, que fué registrado el mismo día, por el que desestimó la demanda sin especial condena de costas. Tal sentencia fué apelada por el demandante para ante esta Corte Suprema.

El apelante expone en su alegato ante nosotros como errores de la corte sentenciadora, que interpretó erróneamente el artículo 199 del Código Civil de Puerto Rico al armonizarlo con el 137 del anterior Código Civil y la aplicación indebida por interpretación errónea del artículo 109 del Código de Enjuiciamiento Civil.

Por la extensa opinión escrita por la corte para fundamentar su sentencia se ve que ha desestimado la demanda, porque apareciendo de ella que el derecho reclamado estaba extinguido, no contenía hechos suficientes que determinaran una causa de acción.

Desde luego que si una demanda no tiene hechos en que pueda un tribunal basar la declaración de un derecho, éste no podrá ser concedido aunque la parte demandada deje de oponerse a la demanda y aunque esté conforme en que el derecho pedido se declare, pues el fallo no estaría fundado en la ley.

Por esta razón es que el tribunal ha de examinar las alegaciones para ver si son suficientes para conceder lo que se pide, y aun en la apelación puede el tribunal examinar la suficiencia de los hechos de la demanda, aunque no haya sido cuestión promovida en ninguna de las instancias.

El demandante Esteban Questel nació en marzo de 1876, y por tanto tenía diez y siete años de edad cuando en 1893 murió Narcisco Carreras Rivas. En 1899 adquirió su plena capacidad jurídica de acuerdo con el Código Civil Español

que regía entonces y no presentó su demanda hasta doce años después, o sea en 1912.

Aun cuando el demandante nació bajo el régimen de la Ley 11 de Toro, como no ejercitó su acción antes de empezar a regir el Código Civil Español, dicha acción ha de regularse por aquella ley, pero en su ejercicio ha de ajustarse a las disposiciones del artículo 137 del Código Civil antiguo, según hemos resuelto ya en el caso de *Gual* v. *Bonafoux,* 15 D. P. R., 559.

Según el citado artículo 137 del Código Civil Español, el hijo puede establecer la acción de filiación o de reconocimiento solamente en vida de su padre, y si éste falleciere antes de llegar aquél a la mayor edad, antes de que transcurran los primeros cuatro años de su mayor edad.

De acuerdo con este precepto, habiendo muerto Narciso Carreras Rivas cuando el demandante tenía diez y siete años de edad y habiendo arribado a su mayoría en 1899, los cuatro años posteriores a ésta vencieron en el año 1903.

Mas como durante ese tiempo no se formuló la demanda, sino ocho años después, surge ahora la cuestión de si su derecho caducó de tal manera que no pueda fundarse legalmente una sentencia a su favor por falta de hechos determinantes de una causa de acción, a pesar de que los demandados no alegaron a su favor la prescripción de la acción, y antes al contrario se allanaron a las pretensiones del demandante.

La contestación a esta cuestion dependerá de la naturaleza del precepto legal contenido en el artículo 137 citado.

En el caso de *Gual v. Bonafoux* antes citado, dijo ya esta corte:

"Habiendo nacido el derecho de los demandantes Luis y Alfonso al reconocimiento de hijos naturales antes de regir el Código Civil Español y consiguientemente la acción para obtener la declaratoria de ese derecho, derecho y acción deben subsistir con la extensión y en los términos que les reconocía la legislación precedente; pero derecho y acción no pueden durar más tiempo que el prevenido por el Código."

En el caso de *Amsterdam* v. *Puente,* 16 D. P. R., 554, ha dicho esta Corte Suprema que:

"   \*   \*   \*   todo hijo natural, cualquiera que fuera su condición, que no hubiere ejercitado su acción oportunamente, se encontraría desposeído para siempre del derecho de ejercitarla."

En el de *Rijos* v. *Folguera,* 16 D. P. R., 624, se expresó esta corte en la siguiente forma:

"Cuando los padres no realizan el reconocimiento de los hijos naturales de la manera expresada, entonces los hijos deben ejercitar la acción de filiación y obtener una declaración judicial de su derecho. Si los padres y los hijos fueran negligentes, en tal caso ellos deben sufrir las consecuencias de sus actos y culparse ellos mismos y no a la ley que reguló estas cuestiones de tanta trascendencia social de una manera uniforme y para bien de todos."

El artículo 137 del Código Civil Español fué modificado por el artículo 199 del Código Civil Revisado, preceptivo de que la acción para reclamar la filiación dura hasta dos años después de ser el hijo mayor de edad; y comentando ese precepto, que es similar al anterior, hemos dicho recientemente en el caso No. 779 de *Isabel de Jesús* v. *Sucesión Pérez Villamil* lo que sigue:

"Ahora bien, la demandante nació en 19 de noviembre de 1880, fué mayor de edad en igual día y mes de 1901 en que cumplió los 21 años que para la mayoría de edad exige el artículo 317 del mismo Código, y no ejercitó la acción de filiación hasta el 30 de agosto de 1911, fecha de la demanda. Su acción había caducado ya, o se había extinguido por el transcurso del término que la ley previene \* \* \*.
"No obstante encontrarse en condiciones de poder ejercitar dicha acción desde la vigencia de dicho Código, lejos de hacerlo así ha venido a ejercitarla cuando ya había caducado por el transcurso del tiempo marcado por la ley. No fué activa y diligente en el ejercicio de su derecho y si hoy lo tiene perdido, cúlpese a sí misma y no a la ley que lo respetó y no hizo más que fijar término a su duración \* \* \*.
"Esa ley no es aplicable al presente caso porque en su fecha había caducado ya la acción de filiación con arreglo al artículo 199 del Código Revisado, y ella no puede dar vida a un derecho ya muerto."

Las citas precedentes demuestran que esta Corte Suprema tiene una opinión arraigada de que tanto con arreglo al artículo 137 del Código Civil Español como del 199 del Revisado, el tiempo para ejercitar la acción de reconocimiento dura sólo el tiempo fijado por la ley. Así, pues, al vencimiento de esos términos, caduca *ipso facto* el derecho y no puede revivir.

Es cierto que en todos esos casos los demandados alegaron en su favor la excepción de prescripción y en este caso no; pero cuando, como hemos dicho, el derecho caduca al vencer el término que se concedió por la ley para ejercitarlo, aunque el demandado no alegue la prescripción, no por eso tendrá el demandante una causa de acción.

Las disposiciones de los dos artículos a que venimos refiriéndonos, fijan la vida del padre como término y por excepción, si al morir es el hijo menor, antes de que transcurran los primeros cuatro años de su mayor edad. Dada la redacción de ese precepto es imposible que el término dure más de lo que la misma ley dice, porque si se pudiera ejercitar la acción después de la muerte del padre, o después de los cuatro años mencionados, por el hecho de que no se había alegado la prescripción, se faltaría abiertamente a la ley, porque resultaría ejercitada después de muerto el padre y después de haber transcurrido los primeros cuatro años de la mayoría de edad. Es, pues, un término que no puede ampliar el consentimiento del demandado.

En vista de lo expuesto no cometió la corte inferior los errores que se le atribuyen, por lo que la sentencia debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.