*Desestimado el recurso.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. del Toro no intervino.

---

CASTRO ET AL., DEMANDANTES Y APELANTES, *v.* SOLÍS ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en causa sobre filiación.

No. 1320.—Resuelto en febrero 15, 1916.

HIJOS NATURALES—DECLARATORIA DE HEREDERO—ACCIÓN DE RECONOCIMIENTO—FILIACIÓN—PRESCRIPCIÓN—COSA JUZGADA.—Cuando en una acción para que se declare heredera a una demandante se establece como supuesto básico su reconocimiento como hija natural, y se resuelve por sentencia que no tiene derecho a participar en la herencia del causante por estar prescrito su derecho al reconocimiento, dicha sentencia constituye excepción de cosa juzgada con relación a la acción de reconocimiento que posteriormente se ejercita.

ID.—ID.—FILIACIÓN—COSA JUZGADA—TERCERO—ESTADO CIVIL.—La circunstancia de que en la acción sobre declaratoria de heredero la demandante, a pesar de ser casada, concurriera sin estar asistida de su esposo, y en la de filiación natural lo hiciera en compañía del esposo, no afecta a la excepción de cosa juzgada.

ID.—PRESCRIPCIÓN—OBITER DICTUM—DATO ET NON CONCESSO.—No fué en este caso un *obiter dictum* la decisión de esta Corte Suprema en el pleito sobre declaratoria de heredero (*Castro* v. *Solís et al.,* 19 D. P. R. 677), declarando extinguida esa acción por prescripción; pero *dato et non concesso* que así fuera,

y prescindiendo de la excepción de cosa juzgada en la acción sobre filiación natural, là de prescripción en esta última está sostenida por otras razones aducidas en la acción sobre declaratoria de heredero.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Llorens & Canales.*

Abogados de los apelados: *Sres. Martínez & Iriarte.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ emitió la opinión del tribunal.

Se trata de un recurso de apelación interpuesto por la parte demandante contra sentencia que en 11 de marzo de 1915 pronunció la Corte de Distrito de San Juan, Sección 1ª., declarando con lugar la excepción de *res judicata* propuesta por los demandados y desestimando la demanda, con costas a la parte actora.

En dicha demanda, en que comparece Julia Domitila Castro acompañada de su esposo C. H. Kercadó, se establecen, entre otros hechos concernientes a la calidad de causahabientes y herederos de los demandados respecto de Joaquín Leandro Solís Kercadó, fallecido abintestato en 27 de abril de 1897, los que guardan relación directa con la filiación reconocida de Julia Domitila Castro por Joaquín Leandro Solís Kercadó, y que son en síntesis los siguientes:

Que en el año 1884 Joaquín Leandro Solís y Kercadó entabló relaciones amorosas con Lorenza Castro y Cruz, viviendo juntos públicamente en concubinato, sin que tuvieran impedimento legal para contraer matrimonio y sin que la Lorenza mantuviera entonces trato o relaciones de clase alguna con otro hombre.

Que en 7 de mayo de 1886 y constante el referido estado de concubinato de Lorenza Castro y Cruz y Joaquín Leandro Solís y Kercadó, nació la demandante Julia Domitila Castro.

Que los demandados están impedidos de negar el estado de la demandante como hija natural de Joaquín Leandro Solís Kercadó porque éste la consideró y trató siempre como hija, llamándola así públicamente, teniéndola en ese concepto, atendiendo a su sostenimiento y educación y despidiéndose de

ella como tal hija en los momentos de su muerte y en presencia de los demás hermanos, habiendo además los demandados pública y privadamente, de palabra y por escrito, reconocido a la demandante como hija natural de Joaquín Leandró Solís y Kercadó.

En la demanda se alega además que Julia Domitila Castro antes del 7 de mayo de 1907 contrajo matrimonio con C. H. Kercadó, en cuya compañía ha vivido desde entonces y vive en la actualidad, y a quien une en el ejercicio de la acción.

La demanda concluye con la súplica de que se dicte sentencia declarando que la demandante es hija reconocida de Joaquín Leandro Solís Kercadó, condenando a los demandados al pago de las costas, gastos y honorarios de abogado.

La demanda fué contestada con una negación general de todos y cada uno de los hechos esenciales alegados en la misma y se establecieron además como defensas especiales, la excepción de cosa juzgada y la de estar prescrita la acción de acuerdo con los artículos 199 y 1840 del Código Civil.

Al celebrarse el juicio convinieron las partes con aprobación de la corte en que se practicara primero la prueba referente a las dos defensas de *res judicata* y de prescripción para que la corte fallara acerca de ellas, dejándose la prueba de los demandantes tan sólo para el caso en que dichas excepciones fueran desestimadas. En cuanto a la defensa de prescripción, ninguna de las partes propuso prueba, sometiendo su consideración a la corte por medio de argumentos solamente; y respecto de la otra defensa de *res judicata*, los demandados presentaron evidencia documental de los hechos que enumeramos a continuación:

1°. En otro caso civil No. 4570 de la Corte de Distrito de San Juan, anterior al presente, No. 6832 de la misma corte, produjo demanda Julia Domitila Castro, sin expresar cuál fuera su estado, contra los mismos hoy demandados sobre declaratoria de heredero, sobre reclamación de herencia y sobre daños y perjuicios. En esa demanda solicitó se dictara sentencia declarándola heredera del finado Joaquín Lean-

dro Solís y Kercadó en concurrencia con sus hijos legítimos y en una participación o cuota igual a la mitad de lo que a cada uno de ellos corresponde, ascendente dicha participación a \$11,500, y se condene además a dichos demandados solidariamente, a reintegrar a la demandante la expresada suma y a pagarle también solidariamente \$16,800 como indemnización por el valor de las rentas o productos del haber hereditario de la demandante, con las costas del juicio a cargo de los demandados. Para sostener la primera acción de declaratoria de heredero, a la que están subordinadas las otras dos acciones, se alegaron en el caso No. 4570 por Julia Domitila Castro, los mismos hechos que ahora alega en unión de su esposo C. H. Kercadó para obtener la declaratoria de reconocimiento de hija de Joaquín Leandro Solís Kercadó. La segunda causa de acción se fundaba en los mismos hechos que sostienen la primera y además en que a la muerte de Joaquín Leandro Solís Kercadó, los demandados se posesionaron de sus bienes y sin contar con la demandante, practicaron la partición y liquidación del caudal que se repartieron, el que hicieron consistir en \$63,816.08 cuando en realidad era de \$150,000, habiéndolo enajenado en su mayor parte y negádose a entregarla los \$12,500 que a ella correspondían por su legítima como hija natural. La tercera causa de acción se basaba en que las rentas o productos de su cuota hereditaria ascienden desde 1897 en que murió su padre a la cantidad de \$16,800 que los demandados se negaban a entregarle.

2°. Los demandados excepcionaron la primera causa de acción por no aducir hechos bastantes que la determinaran y también por haber prescrito la acción de conformidad con los artículos 199 y 1840 del Código Civil. Las otras dos causas de acción fueron excepcionadas por falta de hechos suficientes a determinarlas.

3°. La corte de distrito sostuvo la excepción de prescripción y por ese fundamento dictó sentencia en el caso No. 4570 contra la demandante, con las costas, la que fué apelada para

ante esta Corte Suprema, habiendo sido declarado sin lugar el recurso y confirmádose dicha sentencia por resolución de 6 de julio de 1913. *Castro v. Solís et al.,* 19 D. P. R. 677.

En vista de esos hechos resultantes de las pruebas practicadas, la Corte de Distrito de San Juan dictó en el presente caso la sentencia contra la cual, según dijimos al principio, ha sido interpuesto este recurso.

Alega la parte apelante que la excepción de cosa juzgada que sirve de fundamento a la sentencia recurrida ha sido erróneamente declarada con lugar por falta de los elementos esenciales que la integran según el artículo 1219 del Código Civil.

Ese artículo dice así:

"Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquel en que ésta sea invocada concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron."

Opinamos que dicho artículo ha sido rectamente aplicado por la corte inferior.

Es cierto que en el caso No. 4570 anteriormente seguido por Julia Domitila Castro contra los herederos de Joaquín Leandro Solís Kercadó, reclamaba aquélla su derecho a participar en la herencia de Solís Kercadó por ser hija natural reconocida del mismo, mientras que en la acción que ahora ejercita pide la declaratoria de tal hija natural reconocida de Solís Kercadó, siendo idénticos los hechos alegados en la primera demanda como determinantes del derecho hereditario, a los consignados en la segunda demanda para sostener el reconocimiento de hija natural.

El reconocimiento de hija natural de Solís Kercadó que no se solicitó en la primera demanda, pero que se establecía como supuesto básico para la declaratoria de heredera de la demandante, se interesa por modo expreso en la segunda demanda, y si recayera sentencia ordenándolo, quedaría destruído el fundamento de la sentencia dictada en el caso No.

4570 por la que se denegó el derecho hereditario solicitado, e iría por tanto abiertamente contra la cosa juzgada.

Ha sido decidido ejecutoriamente por sentencia de 6 de junio de 1913, que Julia Domitila Castro no tiene derecho a participar de la herencia de Solís Kercadó porque su acción para el reconocimiento de hija natural del mismo está prescrita y por tanto la cuestión legal sobre prescripción está ya resuelta y no cabe levantarla de nuevo en un pleito como el presente en que la demandante ejercita esa misma acción de reconocimiento.

"Si bien," como dice el ilustrado comentarista Sr. Manresa, refiriéndose al artículo 1252 del Código Civil Español, igual al 1219 de nuestro revisado, "es en general posible el ejercicio sucesivo de diferentes acciones, podrá constituir lo primeramente resuelto, cosa juzgada para el segundo pleito, cuando la nueva acción estuviere como embebida en la primera o fuese consecuencia inseperable de la misma."

La acción de reconocimiento de hija natural estaba embebida en la acción de declaratoria de heredera de Julia Domitila Castro pues ésta no podía ser declarada heredera de Joaquín Leandro Solís Kercadó sin ser su hija natural reconocida mediante sentencia o en forma auténtica y fehaciente.

Así lo entendimos al resolver el caso No. 4570, *Castro v. Solís,* 19 D. P. R. 677. Entonces dijimos:

"\* \* \* Por consiguiente, el mero hecho de que la demandante naciera en la casa de Joaquín Leandro Solís Kercadó cuando éste tenía en su casa como concubina a la madre de la apelante no es por sí solo bastante para darle el estado de hija natural que aun en el derecho anterior a la Ley de Toro, sólo establecía una presunción, y por tanto sujeta a la prueba de que los hechos de que dimanaba fueran ciertos, por lo que aun entonces era necesario acreditarlos ante los tribunales, para que como consecuencia de ellos se hiciera la declaración de ser hijo natural, lo que equivalía a ejercitar la acción de filiación. En el derecho de la citada Ley de Toro tales hechos implicarían un reconocimiento tácito del padre, pero sujetos al juicio de filiación. De todos modos, ya esos hechos se consideren como presunción del estado de hija natural, como entiende la ape-

lante, o sirvan para probar el reconocimiento tácito, como entendemos nosotros, no tienen otro alcance que el de servir de prueba de la acción de filiación por lo que debemos concluir que la primera causa de acción no tiene otro alcance que ése, demostrado además porque la demanda consigna hechos tendentes a demostrar el reconocimiento por actos y palabras del alegado padre. Si se sostiene que por la demanda sólo se ejercita la acción de participación hereditaria, no alegando la demandante que ha sido reconocida de una manera solemne y auténtica, no tendría causa de acción. *Matienzo* v. *Morales,* 16 D. P. R. 588; *Calaf* v. *Calaf,* 17 D. P. R., 198.''

Tenemos, pues, que el reconocimiento de su filiación alegado por Julia Domitila Castro fué considerado en el primer caso No. 4570 como un medio necesario sujeto a prueba, para llegar a la declaratoria de heredera a favor de aquélla y que buscándose ese mismo reconocimiento en el presente caso, hay, bajo ese aspecto, identidad de cosas en uno y otro pleito.

En cuanto a la identidad de causas, es claro que el fundamento capital, el origen de las acciones en uno y otro pleito, es el mismo, como lo revela la simple lectura de las demandas de ambos pleitos.

Por lo que toca a las personas que como litigantes figuraron en el pleito No. 4570, y las que hoy figuran en el presente, son las mismas con excepción del esposo de la demandante que en el caso anterior no compareció a pesar de estar ambos casados, y ahora comparece en compañía de su esposa.

Esa circunstancia no afecta a la cosa juzgada, pues el propio artículo 1219 del Cóligo Civil invocado por la parte recurrente, después del párrafo 2º. que dejamos transcrito, dice así:

''En las cuestiones relativas al estado civil de las personas y en el de validez o nulidad de las disposiciones testamentarias, la presunción de cosa juzgada es eficaz contra terceros, aunque no hubiesen litigado.''

Favoreciendo a C. H. Kercadó con la condición de tercero respecto del pleito sobre declaratoria de heredero en que fué parte su esposa, punto que puede ser discutible, la sentencia recaída en ese pleito es eficaz contra él por haberse

decidido una cuestión relativa al estado civil de su esposa, cual es la de la filiación natural.

Alega la parte apelante que nuestra decisión en el pleito No. 4570 en que no se ejercitó la acción de reconocimiento de hija natural de Julia Domitila Castro, y no obstante se declaró extinguida esa acción por prescripción, fué un *obiter dictum*. No es así, y para convencerse de ello basta la lectura de la opinión que fundamentó nuestra decisión en el caso No. 4570 en la parte que dejamos transcrita; pero *dato et non concesso* que así fuera, si examinamos la demanda que originó el presente caso, prescindiendo de la excepción de cosa juzgada a ella opuesta por los demandados, llegaremos a la conclusión de que la otra excepción de prescripción también alegada se sostiene por las razones que al resolver el caso No. 4570 adujimos en favor de la prescripción, las que reproducimos a continuación:

"\* \* \* Cuando en 1897 murió Joaquín Leandro Solís Kercadó, la demandante era menor de edad y tenía viva su acción de acuerdo con el artículo 137 del Código Civil Español, mas disponiéndose por el 199 del Código Civil Revisado que la acción sólo durase hasta dos años después de ser el hijo mayor de edad, y habiéndola alcanzado la demandante en 1907, de acuerdo con el artículo 317 que la fija a los veinte y un años cumplidos, se habían extinguido ya esos dos años cuando en 1911 presentó su demanda, y por tanto estaba prescrita, por lo que no cometió error la corte inferior al declarar su prescripción.

"Que la acción de filiación es prescriptible y que a las nacidas bajo el imperio de las leyes de Toro les son aplicables las disposiciones de los códigos posteriores sobre prescripción, son materias tan ampliamente discutidas y resueltas en varias sentencias de este Tribunal Supremo que nos basta remitirnos a ellas, con mayor razón cuando no es el punto discutido por la parte apelante. Véanse los casos de *Gual* v. *Bonafoux,* 15 D. P. R. 559; *Amsterdam* v. *Puente,* 16 D. P. R. 554; *Escobar* v. *Escobar,* 16 D. P. R. 590; *Rijos* v. *Folgueras,* 16 D. P. R. 624, confirmada ésta en 24 de febrero de este año por la Corte Suprema de los Estados Unidos, 227 U. S. 375; *Calaf* v. *Calaf,* 17 D. P. R. 198."

*Castro* v. *Solís,* 19 D. P. R. 677.

La demanda que originó el presente caso fué presentada con posterioridad al año de 1911.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. del Toro no intervino en la resolución de este caso.