LÓPEZ, DEMANDANTE Y APELANTE, *v.* LÓPEZ ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en causa sobre filiación y declaratoria de herederos.

No. 1452.—Resuelta en mayo 12, 1916.

FILIACIÓN—HIJOS NATURALES—ACTA DE NACIMIENTO—POSESIÓN DEL ESTADO DE HIJO NATURAL—ALCANCE DEL ARTÍCULO 198 DEL CÓDIGO CIVIL REVISADO.—El artículo 198 del Código Civil Revisado que estatuye que la filiación de los hijos se prueba por el acta de nacimiento extendida en el registro civil, por la posesión del estado de la filiación, o por cualquiera otro medio legal, no tiene más alcance que el establecimiento de los medios justificativos del reconocimiento.

ID.—HIJOS NATURALES—RECONOCIMIENTO AUTÉNTICO Y FEHACIENTE—HIJO LEGÍTIMO.—La acción de filiación es necesaria cuando el estado de hijo natural no consta por reconocimiento hecho de una manera auténtica y fehaciente, de modo que el hijo natural reconocido pueda hacer constar su condición de tal en la misma forma que el hijo legítimo.

ID.—CARTA DIRIGIDA AL HIJO POR EL PRESUNTO PADRE—APELLIDO—ACTOS DE RECONOCIMIENTO—DOCUMENTO AUTÉNTICO Y FEHACIENTE.—Una carta dirigida por el presunto padre al hijo llamándole tal hijo y autorizándole para usar su apellido, si bien es un acto de reconocimiento y puede utilizarse como prueba en una acción de esa índole, no es un documento auténtico y fehaciente, que excuse de ejercitar dicha acción.

ID.—RECLAMACIÓN DE HERENCIA—RECONOCIMIENTO AUTÉNTICO Y FEHACIENTE.—
  Cuando un demandante sólo ejercita la acción de reclamación de herencia
  por haber estimado innecesario el ejercicio de la de filiación sin alegar haber
  sido reconocido en manera solemne y fehaciente, carece de causa de acción.
ID.—HIJO NATURAL—DURACIÓN DE LA ACCIÓN DE FILIACIÓN—PRESCRIPCIÓN.—
  Aunque un supuesto hijo natural nacido por los años 1881 a 1882 podía ejer-
  citar su acción de filiación en vida de su presunto padre de acuerdo con el
  artículo 137 del Código Civil de 1889, como ese artículo fué modificado por
  el 199 del revisado, en el sentido de que aquélla sólo duraría hasta dos años
  después de ser el hijo mayor de edad, o en caso de ser mayor de edad en
  1902, sólo dos años después de la vigencia de dicho código, no puede en
  noviembre de 1915 ejercitar tal acción acogiéndose a la Ley de 9 de marzo
  de 1911, por haber ya anteriormente caducado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel F. Rossy.*

Abogado del apelado: *Sr. Henry G. Molina.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ emitió la opinión del tribunal.

El demandante y apelante Guadalupe López presentó demanda en la Corte de Distrito de San Juan, Sección 1ª., su fecha 16 de noviembre de 1915, contra María Alejandrina y Luis López y Jesús, suplicando que siendo hijo natural reconocido de Alejandro López Fernández se le declare heredero abintestato del mismo en una tercera parte de su bienes.

Las alegaciones esenciales de la demanda son las siguientes:

Que Alejandro López Fernández murió soltero en el pueblo de Río Grande el 31 de julio de 1915, sin haber otorgado testamento;

Que dos hijos naturales reconocidos de Alejandro López, a saber, los demandados María Alejandrina y Luis López, fueron declarados sus herederos abintestato por orden de la Corte de Distrito de San Juan de 5 de noviembre de 1915;

Que el demandante nació en Loíza por los años del 81 al 82 y es hijo natural de Alejandro López, quien lo ha reconocido por medio de carta que tiene en su poder y que textualmente dice así:

"Río Grande, diciembre 18 de 1905.  Querido Lupito: Es en mi poder tu carta de cuyo contenido quedo enterado y contesto.  Tengo

buenos informes de tu comportamiento, y confío en que siempre has de conservar incolume tu honradez que es el blasón más hermoso que puede ostentar el hombre. En esta esperanza, te autorizo para que uses mi apellido. Guarda esta carta, que es prueba bastante para acreditar en todo tiempo que eres hijo mío. La mejor recompensa para mí será que conserves limpio el apellido que te doy. Tu padre, (firmado) Alejandro López.''

A la demanda opusieron los demandados la excepción de no aducir hechos bastantes para determinar una causa de acción y el juez la declaró con lugar por estar prescrita la acción de filiación, desestimando en su virtud la demanda, sin especial condenación de costas, por sentencia de 3 de diciembre de 1915.

Esa sentencia ha sido apelada por el demandante, y para sostener el recurso alega que habiéndolo reconocido Alejandro López por medio de carta en fecha en que regía el artículo 198 del Código Civil Revisado, no cabe exigir que se repita el reconocimiento en un documento público; pero que aun en el supuesto de que fuera necesario ejercitar la acción de reconocimiento, ésta no habría prescrito por haberse ejercitado dentro del término que marca el artículo 194 del Código Civil comprendido en la sección 1ª. de la Ley No. 73 de 9 de marzo de 1911, o sea dentro del año después de ocurrida la muerte de su pretendido padre.

El artículo 198 del Código Civil Revisado que invoca el recurrente, estatuye que la filiación de los hijos se prueba por el acta del nacimiento extendida en el registro civil, por la posesión del estado de la filiación, o por cualquier otro medio legal. Ese artículo no puede tener más alcance que el que su misma letra indica, o sea, el establecimiento de los medios justificativos del reconocimiento.

Alejandro López practicó ciertamente un acto de reconocimiento al dirigir al demandante la carta transcrita en la demanda, y mediante ella lo colocó en condición de que pudiera utilizarla como prueba en una acción de reconocimiento, quedando así obligado Alejandro López a reconocer al de-

mandante con arreglo al número 1 del artículo 189 del mismo
Código Civil Revisado, según el cual el padre está obligado
a reconocer al hijo ilegítimo cuando exista escrito suyo indu-
bitado en que expresamente reconozca su paternidad.

Por la carta expresada el demandante no adquirió el es-
tado de hijo natural reconocido de Alejandro López, ni quedó
excusado de ejercitar la acción de reconocimiento, pues ya
hemos dicho repetidas veces que la acción de filiación es
necesaria cuando el estado de hijo natural no consta por
reconocimiento hecho de una manera auténtica y fehaciente,
de modo que el hijo natural reconocido pueda hacer constar
su condición de tal en la misma forma que el hijo legítimo.
*Amsterdam* v. *Puente et al.,* 16 D. P. R. 554; *Matienzo* v.
*Morales et al.,* 16 D. P. R. 588; *Rijos* v. *Folgueras,* 16 D. P. R.,
624; *Calaf et al.* v. *Calaf,* 17 D. P. R. 198; y *Peñagaricano*
v. *Peñagaricano et al.,* 19 D. P. R. 494.

La carta que se alega ser demostrativa del reconocimiento
no es documento auténtico y fehaciente.

Si se sostiene que por la demanda sólo se ejercita la ac-
ción de reclamación de herencia por haberse estimado inne-
cesario el ejercicio de la de reconocimiento, no alegando el
demandante haber sido reconocido de una manera solemne
y auténtica, carecería de causa de acción. *Matienzo* v. *Mo-
rales et al.,* 16 D. P. R. 588; *Castro* v. *Solís et al.,* 19 D. P. R.
677.

La ley de 9 de marzo de 1911 no es aplicable al recurrente.

El demandante, según se alega en la demanda, nació por
los años de 1881 a 1882, y de acuerdo con el artículo 137 del
Código Civil de 1889, hubiera podido ejercitar su acción de
filiación en vida de su presunto padre, pero ese artículo fué
modificado por el 199 del Revisado, según el cual la acción
para reclamar la filiación sólo duraría hasta dos años después
de ser el hijo mayor de edad, o en caso de ser mayor de edad,
en 1902, sólo dos años después de la vigencia de dicho código,
interpretación esta última necesaria a los efectos de que dicho

artículo 199 del Código Civil Revisado pueda considerarse constitucional.

El demandante no ejercitó la acción de filiación dentro del término de dos años que le otorgaba el artículo 199 del Código Civil Revisado, y viene a ejercitarla en 16 de noviembre de 1915 cuando ya había caducado. La ley citada no puede dar vida a un derecho fenecido. *De Jesús* v. *Sucesión Pérez Villamil,* 18 D. P. R. 403; *Robles* v. *Sucesión Pérez,* 18 D. P. R. 929; *Osorio* v. *Sucesión Pérez,* 18 D. P. R. 932; y *Orta* v. *Arzuaga e Izaguirre et al.,* decidido en noviembre 30, 1915.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. Hutchison firmó ''conforme con la sentencia.''