FRANCISCO GASTÓN, demandante y apelante, *v.* HEREDEROS DE FRANCISCO MARÍA FRANCESCHI, demandados y apelados.

No. 4944.—*Sometido:* Enero 30, 1933. *Resuelto:* Febrero 2, 1933.

*Henry G. Molina,* abogado de los apelados; *López de Tord & Zayas Pizarro,* opositores.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Este es un recurso interpuesto por el demandante en un caso sobre filiación contra ciertas resoluciones dictadas en el mismo por la corte de distrito negándose a dejar sin efecto el embargo practicado en bienes del demandante para asegurar la sentencia que pudiera dictarse a virtud de la contrademanda formulada por los demandados. Quedó resuelto por sentencia de marzo 31, 1932, 43 D.P.R. 300, revocándose las órdenes apeladas. Pedida reconsideración de la sentencia, fué negada en julio 20, 1932.

Sólo queda pendiente de resolver una petición de entrega de documentos hecha por los demandados en 2 de diciembre último, sobre la cual fueron oídos en corte abierta el 30 de enero, 1933.

En la petición se transcribe una moción presentada por los abogados López de Tord y Zayas Pizarro en la Corte de Distrito de Ponce en solicitud de que se les tuviera por retirados como abogados de los Herederos de Francisco María Franceschi sin perjuicio de sus derechos por haber sido separados injustamente por ellos de su representación, y se alega que los demandados en este recurso que son los dichos herederos pidieron a los abogados López de Tord y Zayas Pizarro les entregaran (itálicas nuestras) "todos los documentos con relación a este caso y muy especialmente las copias de las transcripciones de récord y de los alegatos *para que su abogado, Sr. Molina, los pueda estudiar con el fin de determinar si la sentencia dictada por este Honorable Tribunal en marzo 31, 1932, es apelable"*, habiendo negado dichos abogados la entrega.

Enterados de la petición, los abogados López de Tord y Zayas Pizarro se opusieron a la misma, y fueron también oídos en corte abierta el 30 de enero, 1933.

Basta la mera exposición que antecede para concluir que es improcedente por innecesaria la petición. Las copias de los documentos cuyos originales, dicho sea de paso, se en-

contraban en la secretaría de esta corte al alcance del nuevo abogado, se pidieron con el propósito de estudiar si la sentencia de marzo 31, 1932, era apelable, y bien se cuente a partir de marzo 31, 1932, ya a partir de julio 20, 1932, en que se negó la reconsideración, el término para establecer la apelación había vencido con exceso el 2 de diciembre, 1932, cuando la petición fué formulada. Secciones 128 y 240 del Código Judicial de los Estados Unidos tales como quedaron enmendadas por Ley de febrero 13, 1925, 43 Part 1, U.S.S. at L. 936 y 940.

*Debe declararse sin lugar la petición.*