## JESÚS *v.* SUCESIÓN PÉREZ VILLAMIL.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 779.—Resuelto en mayo 22, 1912.

HIJOS NATURALES—ACCIÓN DE RECONOCIMIENTO—PRESCRIPCIÓN—LEY QUE DEBE REGULAR LA DURACIÓN DE LA ACCIÓN.—Nacida una supuesta hija natural en 19 de noviembre de 1880, cuyo supuesto padre natural falleció en 16 de abril de 1911 y que ejercita la acción de reconocimiento con fecha 30 de agosto de 1911, la duración de la acción de reconocimiento que ejercita debe regularse por los preceptos del artículo 199 del Código Civil Revisado de 1902, de acuerdo con la regla 4ª. de las disposiciones transitorias de dicho Código.

ID.—DURACIÓN DE LA ACCIÓN DE RECONOCIMIENTO—PRESCRIPCIÓN.—La acción de reconocimiento ejercitada por una supuesta hija natural con fecha 30 de agosto de 1911, habiendo nacido ella en 19 de noviembre de 1880 y cumplido la mayor edad en 19 de noviembre de 1901, había caducado ya, o se había extinguido por el transcurso del término que la ley previene.

ID.—DURACIÓN DE LA ACCIÓN DE FILIACIÓN—COMIENZO DE LA PRESCRIPCIÓN DE LA ACCIÓN.—Los dos años que debe durar la acción de filiación, según el artículo 199 del Código Civil Revisado de 1902, comenzará a correr desde que el hijo menor llegare a la mayoría de edad, y si se tratare de uno que era mayor de edad en la fecha en que comenzó a regir el citado Código, desde esa fecha y no antes empieza a computarse el tiempo para el ejercicio de la acción de reconocimiento. Dicha limitación de tiempo para el ejercicio de la acción, establecida por el artículo 199 del Código Civil Revisado de 1902, afecta igualmente a los hijos menores y a los mayores de edad cuando se aprobó dicho Código, según el artículo 1840 del mismo Código.

ID.—PRESCRIPCIÓN—CONSTITUCIONALIDAD DE LA LEY.—La Corte Suprema de los Estados Unidos ha decidido repetidas veces que las leyes sobre prescripción que afectan derechos existentes no son inconstitucionales, si se da un tiempo razonable para el ejercicio de la acción antes de que el impedimento empiece a tener efecto.

ID.—ACCIÓN DE RECONOCIMIENTO—LEY DE MARZO 9, 1911—ACCIÓN EXTINGUIDA.—La ley No. 73 de marzo 9, 1911, no tiene efecto retroactivo y por lo tanto no puede ser invocada para ejercitar una acción de filiación que ya había caducado con arreglo al artículo 199 del Código Civil Revisado de 1902, pues dicha ley no puede dar vida a un derecho ya muerto.

ID.—PRESCRIPCIÓN DE LA ACCIÓN DE RECONOCIMIENTO—ARTÍCULO 41 DEL CÓDIGO DE ENJUICIAMIENTO CIVIL.—Tampoco es aplicable el artículo 41 del Código de Enjuiciamiento Civil a una acción de filiación que ya había caducado cuando se inició.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. José G. Torres.*

Abogados de la apelada: *Srs. Bosch y Soto.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En el presente caso se trata de decidir si la acción de la demandante Isabel de Jesús para reclamar su filiación con relación al difunto Ramón Pérez Villamil, con los beneficios consiguientes, está prescrita, como así lo afirmó la Corte de Distrito de San Juan al declarar con lugar la excepción previa de que los hechos expuestos en la demanda no determinaban una causa de acción por haber ésta prescrito, desestimando en su virtud la demanda por sentencia de 12 de octubre de 1911, contra la que interpuso recurso de apelación la parte demandante.

Entre otros hechos tendentes a demostrar el reconocimiento de la demandante por el causante de la sucesión demandada, alégase en la demanda, cuya fecha es de 30 de agosto de 1911, que Isabel de Jesús nació en 19 de noviembre de 1880 y que Ramón Peréz Villamil falleció en 16 de abril de 1911.

Como se ve, Isabel de Jesús nació estando vigente la Ley 11 de Toro, la que define quienes deben ser tenidos por hijos naturales. Después fué hecho extensivo a las provincias de ultramar, por Real Decreto de 31 de julio de 1889, el Código Civil que entonces regía en España, cuyo artículo 137 establece, que las acciones para el reconocimiento de hijos naturales sólo podrán ejercitarse en vida de los presuntos padres, salvo los dos casos de excepción que enumera y que no son atinentes al presente pleito.

El artículo 137 del Código Civil Español fué modificado por el 199 del Código Civil revisado del año 1902, preceptivo en orden a esta materia, que la acción para reclamar la filia-

ción dura hasta dos años después de ser el hijo mayor de edad;
y posteriormente, una ley aprobada en 9 de marzo de 1911,
restableció el precepto del artículo 137 del Código Civil Es-
pañol con la modificación de que la acción para el reconoci-
miento de hijos naturales podría ejercitarse no sólo en vida
de los presuntos padres, sino también un año después de su
muerte.

Ahora cabe preguntar ¿qué precepto legal debe regular
la duración de la acción de reconocimiento ejercitada por
Isabel de Jesús?

Como Isabel de Jesús no había ejercitado la acción de re-
conocimiento cuando comenzó a regir el Código Civil revisado
del año 1902, es indudable que la duración de dicha acción
debe regularse por el artículo 199 de ese Código, según la
regla 4ª. de las Disposiciones Transitorias para su aplicación,
que en la parte conducente dice así:

"Las acciones y los derechos nacidos y no ejercitados antes de
regir el Código Civil revisado, subsistirán con la extensión y en los
términos que les reconociera la legislación precedente; pero sujetán-
dose en cuanto a su ejercicio, *duración* y procedimientos para hacerlos
valer, a lo dispuesto en el Código revisado."

Ahora bien, la demandante nació en 19 de noviembre de
1880, fué mayor de edad en igual día y mes de 1901 en que
cumplió los 21 años que para la mayoría de edad exige el
artículo 317 del mismo Código, y no ejercitó la acción de filia-
ción hasta el 30 de agosto de 1911, fecha de la demanda. Su
acción había caducado ya, o se había extinguido por el trans-
curso del término que la ley previene.

Alégase por la parte apelante con marcada insistencia, así
por escrito como oralmente, que el artículo 199 del Código
Civil revisado sólo podía limitar el tiempo para la acción de
filiación a los menores de edad, pero no a los mayores, a los
cuales no puede ser aplicable porque para éstos había trans-
currido ya el todo o parte del tiempo de su duración, dedu-
ciendo de ello que la acción de Isabel de Jesús debe regularse

por las leyes anteriores al Código Civil revisado, o sean el Código Civil Español y la Ley de Toro.

Entendemos que los dos años que debe durar la acción de filiación, según el artículo 199 del Código Revisado, comenzarán a correr desde que el hijo menor llegare a la mayoría de edad, y si se tratare de uno que era mayor de edad en la fecha en que comenzó a regir el Código, desde esa fecha y no antes empezará a computarse el tiempo para el ejercicio de la acción de reconocimiento. No podemos admitir como pretende la parte recurrente, que la limitación de tiempo para el ejercicio de la acción de reconocimiento establecida por el artículo 199, afecte únicamente a los hijos menores de edad y no a los mayores. A todos afecta igualmente.

Y semejante interpretación no es arbitraria. La autoriza el artículo 1840 del mismo Código al disponer que la prescripción comenzada antes de su publicación se regirá por las leyes anteriores al mismo; pero si *desde que fuere puesto en observancia transcurriese todo el tiempo en él exigido para la prescripción,* surtirá ésta efecto aunque por dichas leyes anteriores se requiriese mayor lapso de tiempo.

Con arreglo al Código Civil Español, Isabel de Jesús podía ejercitar la acción de reconocimiento mientras viviera su padre. Ese término se le redujo a dos años por el Código Civil revisado, a contar desde su mayoría de edad. No obstante encontrarse en condiciones de poder ejercitar dicha acción desde la vigencia de dicho Código, lejos de hacerlo así, ha venido a ejercitarla cuando ya había caducado por el transcurso del tiempo marcado por la ley.

No fué activa y diligente en el ejercicio de su derecho, y si hoy lo tiene perdido, cúlpese a sí misma y no a la ley que lo respetó, y no hizo más que fijar término a su duración.

La Corte Suprema de los Estados Unidos ha decidido repetidas veces que las leyes sobre prescripción que afectan derechos existentes no son inconstitucionales, si se da un tiempo razonable para el ejercicio de la acción antes de que el impedimento empieze a tener efecto. (*Hawkins* v. *Barney,*

5 Pet., 451; *Jackson* v. *Lamphire,* 3 id., 280; *Sohn* v. *Waterson,* 17 Wall., 596; *Christmas* v. *Rusell,* 5 id., 290; *Sturges* v. *Crowninshield,* 4 Wheat., 122.)

Inútilmente invoca Isabel de Jesús en su defensa la ley número 73 aprobada en 9 de marzo de 1911, según la cual las acciones para el reconocimiento de hijos naturales no sólo podrán ejercitarse en vida de sus padres, sino un año después de su muerte.

Esa ley no es aplicable al presente caso, porque en su fecha había caducado ya la acción de filiación con arreglo al artículo 199 del Código revisado, y ella no puede dar vida a un derecho ya muerto.

Es un principio sancionado por el artículo tercero del Código Civil revisado que las leyes no tendrán efecto retroactivo si no dispusieren expresamente lo contrario, y que en ningún caso podrá el efecto retroactivo de una ley perjudicar los derechos adquiridos al amparo de una legislación anterior. De dicho principio se infiere que no disponiéndose por la ley de 9 de marzo de 1911 que tenga efecto retroactivo, no puede dársele ese efecto, y que en ningún caso ese efecto retroactivo podría perjudicar los derechos adquiridos por Ramón Pérez Villamil y su sucesión al amparo del artículo 199 del Código Civil revisado.

Tampoco es aplicable el artículo 41 del Código de Enjuiciamiento Civil, preceptivo de que si una persona contra la cual puede ejercitarse una acción, muriese antes de la terminación del período de tiempo requerido para dar principio a la misma, podrá deducirse dicha acción contra sus representantes después de la terminación de aquel período y dentro de un año después del nombramiento judicial del albacea o administrador testamentario, pues sus mismos términos están revelando que se refiere al ejercicio de una acción no prescrita, y la acción de la demandante ya había caducado.

Por las razones expuestas procede declarar sin lugar el

recurso y confirmar la sentencia que dictó la Corte de Distrito de San Juan en 13 de octubre del año próximo pasado.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.