## Roble v. Sucesión Pérez.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 903.—Resuelto en noviembre 22, 1912.

Hijo Natural—Acción de Reconocimiento—Prescripción.—Habiendo nacido la demandante en el caso de autos en noviembre 30, 1864, y habiendo muerto su presunto padre natural en abril 15, 1911, y no habiendo sido registrada la demanda hasta el 30 de abril de 1912, es indudable que la acción de filiación ejercitada por la demandante se había extinguido ya por el transcurso del

término que señala el artículo 199 del Código Civil Revisado. (*Jesús* v. *Sucesión Pérez*, resuelto en mayo 22, 1912.)

Id.—Duración de la Acción de Filiación—Ley Aplicable al Caso.—Según la regla 4 de las disposiciones transitorias para la aplicación del Código Civil Revisado, la duración de la acción de filiación ejercitada por la demandante en este caso debe regirse por los preceptos del artículo 199 del Código Civil Revisado, que es la ley aplicable a este caso y no por el artículo 137 del Código Civil Español vigente anteriormente.

Id.—Prescripción de la Acción de Filiación—Extensión del Derecho—Revivir el Derecho.—La ley No. 73 de marzo 9, 1911, no puede ser aplicada a este caso, porque cuando empezó a regir dicha ley ya estaba prescrita la acción de filiación ejercitada por la demandante, y su derecho había quedado extinguido, y dicha ley no puede dar vida a un derecho ya muerto. El caso de *Jesús* v. *Sucesión Pérez*, resuelto en mayo 22, 1912, es reproducido y ratificado en este caso.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José G. Torres*.

Abogados de los apelados: *Sres. Bosch y Soto*.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

La única cuestión legal sometida a nuestra consideración en el presente caso es la de si la acción que ejercita Andrea Roble para obtener el reconocimiento de hija natural del difunto Ramón Pérez Villamil, con los beneficios consiguientes, está prescrita, como así lo estableció la Corte de Distrito de San Juan, Sección 1ª., en la sentencia de 15 de agosto del corriente año, al desestimar la demanda con las costas a cargo de la demandante, que ha interpuesto contra ella recurso de apelación.

De las alegaciones de la demanda que fué archivada en 13 de abril del año en curso, resulta que la demandante nació el 30 de noviembre del año 1864 y que Ramón Pérez Villamil, causante de la sucesión demandada, falleció el 15 de abril del año próximo pasado.

El reconocimiento pretendido por Andrea Roble debe regularse por el artículo 199 del Código Civil Revisado, según el cual la acción para reclamar su filiación dura hasta dos años después de ser el hijo mayor de edad. Y en apoyo de nuestra afirmación nos referimos a la doctrina que estableció

esta corte al decidir en 22 de mayo último, el caso de *Isabel de Jesús* v. *Sucesión de Ramón Pérez Villamil,* también sobre filiación, y bajo las mismas condiciones que el presente.

Habiendo nacido Andrea Roble en 30 de noviembre de 1864, y no habiendo ejercitado la acción de filiación hasta el 13 de abril del corriente año, en que archivó su demanda, es claro que en esa última fecha su acción había caducado ya o se había extinguido por el transcurso del término que señala el artículo citado.

Alega la parte apelante en apoyo de su recurso, que el artículo 199 del Código Civil Revisado no puede ser aplicable a Andrea Roble que ya era mayor de edad cuando comenzó a regir dicho código, el cual por tanto, no podía despojarla de un derecho adquirido a la sombra de la legislación anterior, por la cual y por la ley número 73 aprobada en 9 de marzo de 1911, es que debe gobernarse el presente caso, según afirma la demandante.

Ciertamente que el artículo 137 del Código Civil Español establecía que las acciones para el reconocimiento de los hijos naturales sólo podrán ejercitarse en vida de los presuntos padres, salvas las excepciones que el mismo artículo establece y que ese precepto fué restablecido por la ley de 9 de marzo de 1911, con la modificación de que tales acciones podrán ejercitarse no sólo en vida de los presuntos padres, sino también un año después de su muerte. Pero esos preceptos legales no cobijan o amparan a Andrea Roble que no ejercitó su acción cuando regía el Código Civil antiguo, y que por no haberlo hecho así, quedó sometida al Código Civil Revisado en cuanto a la duración de su acción, según la regla cuarta de las disposiciones transitorias para la aplicación de dicho Código, habiéndose por tanto extinguido el derecho que pudiera asistirla, por falta de diligencia y actividad en su ejercicio según el artículo 1840 del mismo cuerpo legal.

La ley de 9 de marzo de 1911 no es aplicable al presente caso, porque en esa fecha había caducado ya la acción de

filiación, con arreglo al artículo 199 del Código Civil Revisado, y aquella ley no puede dar vida a un derecho ya muerto. Así lo dijimos al resolver el caso ya citado de *Isabel de Jesús* v. *Sucesión de Ramón Pérez Villamil,* sobre filiación. Reproducimos y ratificamos toda la doctrina legal allí establecida.

Por las razones expuestas es de confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.