SANTIAGO, APELANTE, *v.* SUCESIÓN MATTA, APELADO.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 930.—Resuelto en marzo 3, 1913.

HIJOS NATURALES — ACCIÓN DE RECONOCIMIENTO — CONSTITUCIONALIDAD DE LA PRESCRIPCIÓN.—El artículo 199 del Código Civil Revisado vigente desde 1902, no es anticonstitucional, pues concedió a la demandante dos años para ejercitar su acción de reconocimiento, a contar desde que empezó a regir dicho código, cuyo período de tiempo es razonable.

ID.—PRESCRIPCIÓN—CONSTITUCIONALIDAD DE LA LEY.—No es contrario a la Constitución de los Estados Unidos un estatuto que limita o acorta el término cedido para el ejercicio de una acción, si da un tiempo razonable para el ejercicio de la misma, antes de que la prescripción empiece a tener efecto.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José G. Torres.*

La parte apelada no compareció.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

El presente recurso de apelación ha sido establecido por la demandante Regina del Carmen Santiago contra sentencia de la Corte de Distrito de Humacao de 1º. de noviembre de 1912, por la que declara prescrita la acción de la demandante y desestima la demanda sin especial condena de costas.

La apelante, nacida en el año 1860, radicó su demanda en 29 de abril de 1911, cuando ya Teodosio Matta de quien alega ser hija natural reconocida, había fallecido tres meses antes y la única cuestión que suscita en este recurso, es la de que el artículo 199 del Código Civil revisado, es contrario a la Constitución de los Estados Unidos si se aplica a casos como el que motiva el recurso.

La demandante, nacida bajo el imperio de la Ley 11 del Toro, no ejercitó entonces su acción de filiación; en 1890 empezó a regir en esta Isla el Código Civil español que en su artículo 137 dispuso que las acciones para el reconocimiento de hijos naturales sólo podrían ejercitarse en vida de los presuntos padres, salvo que el padre o la madre hubieran fallecido durante la menor edad del hijo, en cuyo caso éste podría entablar su acción antes de que transcurrieran los primeros cuatro años de su mayor edad; y salvo además si después de la muerte del padre o de la madre apareciere algún documento de que antes no se hubiese tenido noticia, en el que reconozcan expresamente al hijo, en cuyo caso la acción habría de establecerse dentro de los seis meses siguientes al hallazgo del documento. Tampoco durante la vigencia de este precepto legal ejercitó la demandante su acción.

En 1902 comenzó a regir en esta Isla el Código Civil revisado, cuyo artículo 199 modificó el 137 antes citado y dispuso que la acción para reclamar la filiación duraría hasta dos años después de ser el hijo mayor de edad y se trasmitiría a sus herederos si falleciere en la menor edad o en estado de demencia, en cuyos casos los herederos tendrían cinco años de término para entablar la acción. Así, pues, la demandante,

hasta 1902, pudo haber ejercitado su acción, de acuerdo con el artículo 137 del Código español, puesto que su presunto padre natural vivía entonces, y si bien el artículo 199 del Código Civil revisado lo modificó en el sentido de conceder solamente dos años después de haber llegado el hijo a la mayor edad, y aun cuando la demandante era mayor de edad cuando tal precepto se promulgó, no se le privó de su derecho a ejercitar la acción toda vez que esos dos años para los que entonces eran mayores de edad, debían contarse desde que comenzó a regir el código y no antes, y no afectaba tal precepto únicamente a los menores de edad, sino también a lo mayores en la forma dicha, según resolvimos en el caso de *Jesús* v. *Sucesión Pérez Villamil,* 18 D. P. R., 403.

También en este caso, y en otros que citaremos, ha resuelto ya este Tribunal Supremo que no es contrario a la Constitución de los Estados Unidos un estatuto que limita o acorta el término concedido para el ejercicio de una acción, si da un tiempo razonable para el ejercicio de la misma, antes de que el impedimento empiece a tener efecto.  Véase los casos que en esa resolución citamos y también nuestras sentencias en los casos de *Calaf* v. *Calaf,* 17 D. P. R., 198, el de *Gual* v. *Bonafoux,* 15 D. P. R., 559, y el de *Rijos* v. *Folgueras,* 16 D. P. R., 624.

No es, por tanto, inconstitucional el artículo 199 del Código Civil revisado, ya que concedió a la demandante dos años para ejercitar su acción contados desde que empezó a regir tal precepto, período de tiempo que encontramos ser razonable, sin que nada se haya alegado en contrario respecto a este particular.

La sentencia debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.