ROSADO, APELANTE, v. SUCESIÓN MATTA, APELADO.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 931.—Resuelto en marzo 26, 1913.

HIJOS NATURALES—ACCIÓN DE RECONOCIMIENTO—PRESCRIPCIÓN.—Habiendo nacido la demandante en enero 12, 1888 y fallecido su supuesto padre en enero 9, 1911, la acción de reconocimiento iniciada por ella en mayo 22, 1911, estaba prescrita, según el artículo 199 del Código Civil Revisado.

PRESCRIPCIÓN — REPRESENTANTES DEL DIFUNTO — ALBACEAS. — Los preceptos del artículo 41 del Código de Enjuiciamiento Civil sólo son aplicables a las acciones que se ejercitan contra el albacea o administrador de los bienes del difunto y contra el caudal de la herencia y nó a una acción que se ejercita contra los herederos del difunto, pues la palabra representantes (*representatives*) comprende el albacea o el administrador, pero nó los herederos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Jósé G. Torres.*

La parte apelada no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En el presente caso se trata de decidir si la acción de Leoncia Rosado conocida por Zenobia Rosado, para reclamar su filiación con relación al difunto Teodosio Matta con los beneficios consiguientes, ha prescrito, como así lo declaró la Corte de Distrito de Humacao, desestimando en su virtud la demanda de la Rosado por sentencia de 1°. de noviembre del año próximo pasado, sin especial condenación de costas, contra cuya sentencia es que se ha interpuesto el presente recurso de apelación por la demandante.

Resulta de la demanda, y son hechos aceptados por la sucesión demandada, constituída ésta por la viuda e hijos de Teodosio Matta, que la demandante nació en 12 de enero de 1888 y que Matta falleció en 9 de enero de 1911, habién-

dose presentado dicha demanda en la secretaría de la corte inferior el 22 de mayo del último año citado.

Reconoce la representación de la parte apelante en su alegato escrito, que la acción entablada para reclamar la filiación, debe regularse por el artículo 199 del Código Civil Reformado, pero que ese artículo debe aplicarse en relación con la sección 41 del Código de Enjuiciamiento Civil.

El artículo 199 del Código Civil en la parte atinente al caso, dice así:

"Artículo 199. La acción para reclamar su filiación dura hasta dos años después de ser el hijo mayor de edad * * *."

Y el artículo 41 del Código de Enjuiciamiento Civil también en la parte atinente dice textualmente:

"Artículo 41. Si una persona contra la cual puede ejercitarse una acción muriese antes de la terminación del período requerido para dar principio a la misma, podrá deducirse dicha acción contra sus representantes después de la terminación de aquel período y dentro de un año después del nombramiento judicial del albacea o administrador testamentario."

Ahora bien, Leoncia Rosado nació el 12 de enero de 1888 y llegó, por tanto, a la mayoría de edad, en iguales día y mes de 1909, según el artículo 317 del Código Civil, preceptivo de que la mayor edad empieza a los veintiún años cumplidos. Y como la acción para reclamar su filiación había de durar hasta dos años después de ser mayor de edad, o sea hasta el 12 de enero de 1911, es obvio que al fallecer Teodosio Matta el 9 de enero de ese mismo año, aun quedaban a la demandante tres días para poder ejercitar su acción de filiación. No la ejercitó hasta el 22 de mayo y por tanto al ejercitarla estaba ya extinguida o había prescrito por haber transcurrido más de dos años después de ser la demandante mayor de edad.

Y no puede escudarse Leoncia Rosado para la defensa de

su derecho con el precepto del artículo 41 del Código de Enjuiciamiento Civil.

El texto inglés de dicho artículo en la parte que guarda relación con el presente caso, dice así:

*"If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, an action may be commenced against his representatives after the expiration of that time, and within one year after the issuing of letters testamentary or of administration."*

La traducción literal es la siguiente:

"Si una persona contra quien una acción puede ejercitarse fallece antes del vencimiento del tiempo señalado para su comienzo, la acción puede ser iniciada contra sus representantes después del vencimiento del término y dentro de un año después de la expedición de las cartas testamentarias o de administración."

Bajo la palabra "representatives", representantes de la persona fallecida, vienen comprendidos en dicho artículo, no los herederos, sino el albacea o el administrador, pues, según el artículo 51 de la ley sobre Procedimientos Legales Especiales aprobada en marzo 9, 1905, será deber de los administradores y mientras éstos se nombren de los albaceas, representar al finado en todos los procedimientos comenzados por o en contra del mismo antes de su muerte y en los que se promovieren después por o en contra del caudal de la herencia.

Tenemos, pues, que el precepto del artículo 41, sea cual fuere su significación y alcance, sólo puede tener aplicación al caso en que la acción se ejercita contra el albacea o administrador de los bienes del difunto y contra el caudal de la herencia.

En el presente caso ni se ha ejercitado la acción de filiación contra el albacea o administrador de Teodosio Matta ni contra el caudal de su herencia. No es, por tanto, aplicable el artículo transcrito.

Por las razones expuestas, es de confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.