Ciuró, Demandante y Apelante, *v.* Ciuró et al., Demandadas ·y Apeladas.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre reconocimiento de hijo natural.

No. 2719.—Resuelto en abril 16, 1923.

Filiación—Prueba del Reconocimiento Hallada Después de Fallecido el Padre o Madre—Prescripción de la Acción de Filiación.—Una persona nacida en diciembre 11, 1869, no tiene derecho a pedir su reconocimiento como hijo natural al amparo de un documento que se alega descubierto en agosto de 1919 en el cual el supuesto padre natural, fallecido en 1908, le reconocía como su hijo. En cualquier momento anterior a 1902, o en otras palabras, durante la vigencia del Código Civil Español, el hallazgo de tal documento hubiera aprovechado al demandante, pero no después. La enmienda introducida en 1911 al artículo 194 del Código Civil extiende el término de las acciones vigentes a la fecha en el caso de que un documento creditivo del reconocimiento fuera hallado subsiguientemente, pero no revive derechos ya prescritos.

Id.—Id.—*Quaere.*—Si la comunicación del documento a dos personas no es una publicación que excluya al demandante del beneficio de la excepción señalada.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. D. Sepúlveda.*

Abogados de las apeladas: *Sres. C. Brunet* y *J. Tous Soto.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Como esta fué una sentencia dictada sobre las alegaciones las afirmaciones hechas en la demanda deben ser tenidas por ciertas. De ellas aparece que hacia fines del mes de

agosto, 1919, el demandante tuvo conocimiento del siguiente documento:

"Por el presente documento yo Cristino Ciuró y Ortega, mayor de edad y vecino de este partido, declaro que he tenido un hijo natural con Ana Santiago, llamado Rafael y quiero que en la pila bautismal se ponga como hijo reconocido mío llevando mi apellido con los derechos que le cobija la ley, habiendo nacido ese niño el día 11 de diciembre del año 1869 en esta feligresía, y para que consta hago el presente ante los testigos que suscriben en Juana Díaz, a siete de Mayo de 1870.—(Firmado y rubricado).—Cristino Ciuró.—Testigo Osvaldo Goico.—Testigo José Rivera."

Después de formulada una contestación, la corte dictó sentencia a favor de los demandados basada en la teoría de que los derechos del demandante Rafael Ciuró para establecer una acción habían caducado y quedado extinguidos en virtud de lo determinado en el artículo 199 del Código Civil Revisado en relación con la regla 4a. de las disposiciones transitorias de ese código y que la ley de marzo 9, 1911, enmendando el artículo 194 del Código Civil no tenía el alcance de revivir la acción, citando casos de esta corte.

La ley de marzo 9, 1911, enmendando el artículo 194, es como sigue:

"Art. 194.—Las acciones para el reconocimiento de hijos naturales, sólo podrán ejercitarse en vida de los presuntos padres, o un año después de su muerte, salvo en los casos siguientes:

"1. Si el padre o la madre hubiesen fallecido durante la menor edad del hijo, en cuyo caso éste podrá deducir la acción antes de que transcurran los primeros cuatro años de su mayor edad.

"2. Si después de la muerte del padre o de la madre apareciere algún documento de que antes no se hubiese tenido noticia, en el que reconozcan expresamente al hijo.

"En este caso la acción deberá deducirse dentro de los seis meses siguientes al hallazgo del documento.

"El reconocimiento hecho a favor de un hijo que no reuna las condiciones del párrafo primero del Artículo 193, podrá ser impugnado por aquellos a quienes perjudique."

Este precepto legal es una reproducción exacta del artículo 137 del Código Civil Español.

La presente demanda fué radicada el 28 de enero de 1920 y como el documento según se ha alegado fué hallado a fines del mes de agosto, 1919, la acción se inició dentro de los 6 meses del hallazgo del alegado documento.

En el caso de *Orta* v. *Arzuaga*, 23 D. P. R. 260, al revisar la anterior jurisprudencia, resolvimos que una ley no podía tener efecto retroactivo. En ese caso el padre había muerto dentro del año anterior al comienzo de la acción, que es el tiempo limitado en el artículo 194, *supra*. Allí el hijo había nacido en el año 1874 y por tanto tenía 38 años al establecer su acción. Según esta corte el demandante debió haber establecido su acción dentro de los dos años después de llegar a su mayoridad de acuerdo con el artículo 199 del Código Civil y resolvimos que la ley de 1911 no revivía la acción. Analizamos el caso de *Campbell* v. *Holt*, 115 U. S. 620, y lo diferenciamos. Anteriormente en el caso de *Jesús* v. *Sucesión de Pérez Villamil*, 18 D. P. R. 403, habíamos resuelto la misma cuestión y en el de *Gual* v. *Bonafoux*, 15 D. P. R. 559, resolvimos que la prescripción de los derechos de un hijo natural era de un orden distinto a la prescripción ordinaria de las deudas y no podía ser interrumpida. Para más ámplia discusión el caso de *Orta* v. *Arzuaga* es en su totalidad pertinente. El presente caso es distinto. En éste tenemos el hallazgo de un documento del cual el demandante no tuvo ningún conocimiento hasta su hallazgo en agosto de 1919. Tal vez alguno de nuestros razonamientos en los anteriores casos no es aplicable toda vez que el apelante no tuvo oportunidad durante la vida de su padre de presentar el documento en cuestión. El susodicho padre falleció en 30 de abril de 1908. Sin embargo, entre el año 1902 y 1911 el hallazgo de un documento semejante al que ahora se considera no hubiera servido a un hijo natural si de acuerdo con el artículo 199 vigente entonces él no había

establecido su acción dentro de los dos años después de llegar a su mayoridad.

Aquí el demandante llegó a su mayoridad en el año 1890. Si en cualquier momento antes de 1902 él hubiera hallado el documento, este hubiera servido a sus fines, pues el artículo 137 del Código Español estaba entonces en vigor pero ese artículo fué derogado en el año 1902.

El apelante nació bajo el imperio de la Ley de Toro. De acuerdo con sus disposiciones la acción prescribía a los 20 años. Por tanto si ha de invocarse cualquier legislación particular anterior debe ser la de Toro más bien que el artículo 137 del antiguo código.

El caso se encuentra precisamente en la misma situación que si el artículo 137 del Código Civil Español jamás hubiera existido. La cuestión es si por virtud de la aprobación de la ley de 1911 la legislatura tuvo la intención de revivir derechos que habían quedado extinguidos enteramente bajo la previa legislación. No encontramos ninguna prueba de tal intención como no sea el lenguaje preciso que ha sido empleado. ¿Podría suponerse que la legislatura tuvo la intención de que hombres de edad madura, de 50 años en el presente caso, adquirieran repentinamente derechos contra sus padres, familia o su propiedad cuando bajo todas las probabilidades tales derechos, y especialmente los derechos de propiedad, hubieran sido adquiridos desde mucho antes? Una razón más poderosa que *stare decisis* (como en el caso de *González* v. *Benitez* recientemente confirmado por la Corte Suprema de los Estados Unidos) subsistiría e indicaría un criterio contrario.

A los estatutos se les da una interpretación previsora. El artículo 3 del Código Civil prescribe que las leyes no tendrán efecto retroactivo si no dispusieran expresamente lo contrario. Este artículo lo interpretamos en el caso de *Orta* v. *Arzuaga* y en casos anteriores, en el sentido de que la ley de 1911 no podía revivir lo que ya había prescrito. El ape-

lante sostiene que es ahora que se le confiere por primera vez una causa de acción. La causa de acción existió antes. La prueba faltaba. Lo que la ley de 1911 hace es extender el término de las acciones que existían en la fecha de su aprobación en el caso de que un documento fuera hallado subsiguientemente.

Los apelados también llaman la atención hacia el hecho de que el artículo 194, como fué enmendado, está redactado en lenguaje que es algo dudoso. Dice, "Si después de la muerte del padre o de la madre apareciere algún documento * * *. Sostienen ellos que estas palabras sólo pueden aplicarse a un documento que sale por primera vez a la luz después de la muerte del padre o madre. El documento en cuestión era conocido por dos personas en el año 1870. No era secreto como un testamento o un documento particular ocultado por el padre. Preferimos fundar nuestra decisión en otras consideraciones, pero la alegación de los apelados no carece de mérito. Ni hemos considerado si en esta clase de acciones es necesario alegar la aceptación de la herencia.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Franco Soto.

El Juez Asociado Sr. Hutchison disintió.