VÁZQUEZ ET AL., DEMANDANTES Y APELANTES, *v.* RUCABADO
ET AL., DEMANDADOS Y APELADOS.

No. 3122.—*Visto:* Febrero 19, 1924. *Resuelto:* Junio 27, 1924.

FILIACIÓN—PRESCRIPCIÓN—DEMANDA ENMENDADA.—En el presente caso las de-
mandantes insistieron en que la demanda original contenía alegaciones sufi-
cientes para sostener la acción de filiación que según la corte había prescrito
cuando fué alegada en la demanda enmendada. *Se resolvió:* que el hecho de
que las demandantes alegaran en una de las causas de acción de la demanda
original que durante la vida del supuesto padre natural disfrutaron de la
posesión de estado de hijas naturales de tal padre y continuaron disfrután-
dolo después de su muerte por reconocimiento que de ellas hizo la hija legí-
tima demandada, no permite concluir que se alegó la acción de filiación en
tal demanda, pues tal alegación fué hecha como base de las acciones de
nulidad del contrato de venta de su pretendido derecho hereditario y la de
complemento de herencia, que fueran las que en realidad ejercitaran.

SENTENCIA· de *Gabriel Castejón*, J. (Guayama), declarando sin lugar la demanda, sin costas. *Confirmada.*

*M. A. Martínez*, abogado de los apelantes; *B. Fernández García*, abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Teresa Vázquez y María Torres Ortiz demandaron el 10 de junio de 1921 a Carmen Luisa Rucabado Llera y a Agustín Fernández Colón, siendo todos mayores de edad, titulando su demanda como acción de nulidad de contrato y complemento de herencia y aduciendo en ella dos causas de acción, siendo la primera para que se declare nulo cierto contrato otorgado por las demandantes con el demandado Agustín Fernández Colón y la segunda para que la otra demandada les pague el complemento de su herencia, alegando sustancialmente en la primera que Mateo Rucabado Argumosa, padre de la demandada Carmen Luisa Rucabado Llera, falleció en Cayey, P. R., el 18 de junio de 1920 sin otorgar testamento y dejando como únicas y universales herederas a su hija legítima la demandada, a sus hijas naturales reconocidas las demandantes y a su viuda Isabel Llera en la cuota usufructuaria que determina la ley: que las demandantes durante la vida de su padre Mateo Rucabado disfrutaron de la posesión de estado de hijas naturales y continuaron disfrutándolo después de su muerte por reconocimiento que de ellas hizo la hija legítima demandada: que algunos días antes de morir Mateo Rucabado Argumosa, éste con el objeto de privar a las demandantes de la herencia que en sus bienes pudiera corresponderles al ocurrir su muerte o por otros motivos·ignorados por las demandantes, traspasó simulada y falsamente la mayor parte de sus bienes inmuebles a una sociedad agrícola de Cayey: que algunos días después de la muerte de Mateo Rucabado Argumosa la hija legítima demandada, tomando como base ese traspaso falso, por medio de agentes y personas autorizadas y con el fin de evitarse las acciones judiciales de las demandantes para

reclamar su participación en la herencia de su padre natural hizo a las demandantes manifestaciones falsas dolosas y engañosas tendentes a demostrar que el caudal hereditario ascendía sólo a $75,000 del que habrían de deducirse algunas deudas, ofreció a las demandantes la cantidad de $20,000 por las acciones y derechos que las demandantes pudieran tener en la herencia como hijas naturales reconocidas de Mateo Rucabado, haciendo constar que si esa proposición no era aceptada se opondría a toda clase de acciones judiciales que establecieran las demandantes para reclamar su herencia y las demandantes creyendo que el capital líquido ascendía a $75,000 aceptaron la oferta de $20,000 para ambas y entonces para no aparecer la hija legítima adquiriendo las referidas acciones y derechos de las demandantes en la herencia de su finado padre se valió y utilizó para tàl servicio del otro demandado Agustín Fernández Colón, quien por escritura pública de 26 de julio 1920 aparece comprando las acciones y derechos de las demandantes en la herencia de su padre y pagando las mismas, siendo lo cierto que quien las adquiría y las pagaba era la hija legítima demandada; que hecha esa cesión de derechos la hija demandada y la viuda Doña Isabel Llera procedieron a partir los bienes hereditarios, cuya cuantía es mayor de $75,000. La segunda causa de acción tiene por objeto que se entregue a las demandantes como complemento de herencia la diferencia entre los $20,000 recibidos por ellas y la cantidad que realmente les correspondía.

Formulada excepción previa contra esa demanda presentaron las demandantes el 10 de febrero 1922 otra demanda enmendada en la que se incluye como nueva parte demandada a Doña Isabel Llera, que se titula de filiación, nulidad de contrato y complemento de herencia, en la que se alegan tres causas de acción y en la que se pide como remedios que se declare a las demandantes hijas naturales reconocidas de Mateo Rucabado Argumosa con derecho a llevar su apellido y percibir su herencia, que se declare nulo el contrato cele-

brado por las demandantes con Agustín Fernández Colón el 26 de julio 1920 y que la hija legítima demandada entregue el complemento de su herencia a las demandantes, como hijas naturales reconocidas de Mateo Rucabado Argumosa.

En la primera causa de acción se alega el fallecimiento de Mateo Rucabado Argumosa en la fecha y forma antes indicado; que las demandantes nacieron una en el año 1892 y la otra en el año 1896 siendo ambas hijas naturales de Mateo Rucabado y se exponen todos los demás hechos necesarios para poder ser declaradas hijas naturales reconocidas de Mateo Rucabado Argumosa. La segunda y tercera causa de acción son las dos que se alegaron en la demanda original.

Contra esa demanda enmendada fueron alegados varios motivos de excepción, siendo el principal de ellos que la acción de filiación que en ella se ejercita está prescrita de acuerdo con el artículo 194 del Código Civil según quedó enmendado por la Ley No. 73 aprobada en 9 de marzo de 1911 (pág. 247); y habiendo declarado la corte inferior prescrita esa acción, que es la que sirve de fundamento a las otras dos causas de acción, a instancias de las demandantes dictó sentencia por la cual declaró sin lugar la demanda y se estableció por las demandantes este recurso de apelación.

Como según el artículo citado del Código Civil las acciones para reconocimiento de hijos naturales sólo podrán ejercitarse en vida de los presuntos padres o un año después de su muerte, salvo los casos de excepción que el mismo artículo contiene y en ninguno de los cuales están comprendidas las demandantes, y como la acción de filiación ejercitada en la demanda enmendada fué establecida en 10 de febrero de 1922 o sea después de un año de la muerte de Mateo Rucabado, ocurrida cuando las demandantes tenían 24 y 28 años de edad, esa acción claramente está prescrita si es que no fué ejercitada en la demanda original presentada antes de transcurrir un año de la muerte de Rucabado, por lo que la cuestión a decidir en este recurso es si, como sos-

tienen las apelantes, en la demanda original ejercitaron ellas la acción de filiación como primera causa de acción.

El resumen que hemos hecho de la demanda original en su primera causa de acción nos convence de que no se ejercitaba en ella la acción de filiación, demostrándolo así claramente no sólo el título de la acción y las peticiones que se hacían en la demanda original sino principalmente los hechos que se alegaron en la primera causa de acción en la que no se expusieron los hechos necesarios determinantes de una causa de acción de filiación, pues si bien en ella se dice en varias ocasiones que las demandantes son hijas naturales reconocidas de Mateo Rucabado Argumosa se hace al solo efecto de demostrar el interés de la hija legítima de adquirir los derechos y acciones que las demandantes alegaban tener en la herencia y con el fin de demostrar que el contrato que celebraron con Agustín Fernández Colón se debió a dolo y engaño y que por esto debía ser anulado por la corte. Esta conclusión de la corte inferior y nuestra está comprobada además porque en la demanda enmendada se alegaron expresamente los hechos necesarios para poder ser declaradas las demandantes hijas naturales reconocidas de Mateo Rucabado Argumosa, porque se introdujo como nueva parte demandada a la viuda heredera por su cuota usufructuaria y no solamente el título de la acción fué modificado para decir que se trataba de una acción de filiación sino que en la súplica se pidió, además de las dos solicitudes de la demanda original, que se declarasen a las demandadas hijas naturales reconocidas de Mateo Rucabado Argumosa y con derecho a su herencia, petición que antes no había sido hecha. Los hechos de la primera causa de acción de la demanda original demuestran que las demandantes no trataban de obtener que se las declarase hijas naturales reconocidas de Mateo Rucabado sino que considerándose tales hijas naturales reconocidas pretendían que se declarase nulo un contrato que como tales celebraron engañadas.

Por todo lo expuesto llegamos a la conclusión de que la

acción de filiación ejercitada por primera vez en la demanda enmendada está prescrita, por lo que *la sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.