EMERENCIANA RESTO, demandante y apelante, *v.* JORGE JUAN, MARÍA VICTORIA, JOSÉ PIO y CARMEN SILVA SAPIA y DOÑA NARCISA SAPIA VIUDA DE SILVA, como herederos de DON JOSÉ TOMÁS SILVA y RODRÍGUEZ, conocido mejor por DON JOSÉ SILVA JIMÉNEZ, demandados y apelados.

No. 4281.—*Visto:* Febrero 8, 1928. *Resuelto:* Mayo 31, 1928.

*O'Neill & O'Neill,* abogados del apelante; *Acuña & Janer* y *Arturo Reichard,* abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Establecida en este caso demanda titulada de filiación, la parte demandada la excepcionó. Oyó la corte ambas partes y dictó la siguiente resolución fundada:

"Los demandados en este caso han presentado excepción previa a la demanda de no aducir hechos suficientes para determinar una causa de acción por aparecer de la faz de la misma prescrita la acción de filiación natural, única que se ejercita.

"En la demanda se alega que la demandante nació el año 1876; que su presunto padre natural falleció en Francia, en los primeros días del mes de febrero de 1926 y que desde su nacimiento y hasta la muerte del padre, la demandante ha estado siempre en la posesión continua del estado de hija natural reconocida y tratada por él como tal.

"La demanda se presentó el 24 de enero de 1927.

"La demandante nació bajo el imperio de la Ley de Toro y de acuerdo con sus disposiciones la acción prescribía a los 20 años. Conforme la legislación anterior al Código Civil revisado, o sea el Código Civil 1889, un hijo podría ejercitar la acción de filiación mientras viviera el padre (Art. 137 del Código Civil antiguo); y de acuerdo con el Código Civil revisado de 1902, (Art. 199) sólo dos años después de haber arribado a la mayoridad o en caso de ser mayor de edad en 1902, sólo dos años después de la vigencia de dicho Código.

"La demandante llegó a la mayoridad, esto es, a la edad de 25 años, de acuerdo con el Código Civil Español, allá en el año de 1901, y tuvo hasta dos años después del 1902 para ejercitar la acción, lo que no hizo, y ahora está prescrita. Véase *De Jesús* vs. *Sucesión Pérez Villamil,* 18 D.P.R. 403; *López* vs. *Sucesión Pérez,*

18 D.P.R. 929; *Osorio* vs. *Sucesión Pérez,* 18 D.P.R. 932; *Santiago* vs. *Sucesión Matta;* 19 D.P.R. 169; *Rosado* vs. *Sucesión Matta,* 19 D.P.R. 307; *Figueroa* vs. *Díaz,* 20 D.P.R. 234; *Orta* vs. *Arsuaga, et al.;* 23 D.P.R. 263, y *Ramírez* vs. *Ramírez,* 30 D.P.R. 617.

"Pero se alega que en este caso ha habido una interrupción o renuncia del derecho por haber estado siempre la demandante desde su nacimiento en 1876 hasta la muerte del padre en 1926 en la posesión continua de estado de hija natural. Entendemos que la acción de la demandante caducó en 1904, o sea dos años después de la vigencia del Código Civil revisado, por ser mayor de edad en 1902, y que los actos del presunto padre posteriores a 1904 no pueden dar vida a un derecho fenecido. López vs. López, 23 D.P.R. 828.

"La prescripción de los derechos de un hijo natural es de orden distinta a la prescripción ordinaria de las deudas y no puede ser interrumpida. *Gual* vs. *Bonafoux,* 15 D.P:R. 559; *Ciuró* vs. *Ciuró,* 31 D.P.R. 730.

"Por las razones expuestas, se declara con lugar la excepción previa establecida contra la demanda . . .''

La resolución fué registrada como sentencia y contra ella se interpuso el presente recurso de apelación.

Hemos estudiado el alegato de la parte apelante y la cuestión envuelta no requiere una nueva consideración. Ha sido tratada desde todos sus ángulos en las opiniones de esta corte citadas en la resolución del juez de distrito que dejamos transcrita.

Los hechos del caso han sido debidamente expuestos por el juez sentenciador con excepción del relativo a la mayor edad de la demandante que no era de acuerdo con el Código Civil antiguo la de 25 años sino la de 23 y a la deducción consiguiente. El error no tiene influencia.

Aplicando a los hechos la jurisprudencia establecida, hay que concluir que la demanda fué debidamente desestimada. *En su consecuencia el recurso debe declararse sin lugar y confirmarse la sentencia apelada.*

El Juez Asociado Sr. Hutchison disintió.