FRANCISCO GASTÓN, demandante y apelante, *v.* HEREDEROS DE FRANCISCO MARÍA FRANCESCHI, demandados y apelados.

No. 5626.—*Sometido:* Febrero 5, 1932. *Resuelto:* Marzo 31, 1932.

*Tous Soto & Zapater* y *L. Tormes García,* abogados de los herederos del apelante Gastón; *López de Tord & Zayas Pizarro,* abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Este pleito se inició por demanda presentada en la Corte de Distrito de Ponce el 15 de octubre de 1928. Los demandados la excepcionaron y la contestaron negando que el demandante fuera hijo natural reconocido de su causante y alegando expresamente la falsedad del documento en que dice el demandante que fué reconocido.

Sin que las cuestiones previas suscitadas por los demandados se hubieran resuelto aún, el demandante archivó una demanda enmendada. Se opusieron a su admisión los demandados y la corte resolvió la cuestión en favor del demandante. Excepcionaron entonces los demandados la demanda enmendada y sus excepciones fueron declaradas

con lugar. Pidió el demandante que se registrara sentencia. Accedió la corte, registrándose la sentencia el 12 de enero de 1931. Y es contra ella que se ha interpuesto el presente recurso de apelación.

Pendiente el recurso, el 2 de diciembre de 1931 falleció el demandante y apelante Francisco Gastón, y la parte apelada presentó a esta Corte Suprema una moción sobre caducidad de la instancia, sobre la cual se oyó a ambas partes el mismo día que se vió el recurso en su fondo, esto es, el 20 de enero de 1932. Los herederos del demandante comparecieron oponiéndose a la caducidad y pidiendo que se les sustituyera en el pleito en lugar de su causante.

Sostienen los demandados y apelados que ejercitándose como se ejercita la acción de filiación que es de naturaleza personalísima, desapareció con la muerte del demandante, no pudiendo continuar tramitándose el litigio a nombre de sus herederos. En apoyo de su contención citan el artículo 69 del Código de Enjuiciamiento Civil, el 608 del Código Civil, algunas decisiones judiciales y varios comentaristas.

El artículo 69 invocado establece la regla general de que una acción o procedimiento no termina por la muerte o incapacidad de una de las partes, siempre que la causa subsista o continúe.

El artículo 608 del Código Civil de Puerto Rico (1930) dispone que la herencia comprende todos los bienes, derechos y obligaciones de una persona que no se extingan por su muerte.

Las citas de jurisprudencia y de autores, son en igual sentido.

Todo es pertinente, pero nada de lo invocado resuelve de modo concreto la cuestión suscitada.

Refiriéndose a los hijos legítimos prescribía el artículo 118 del antiguo Código Civil:

"Art. 118. La acción que para reclamar su legitimidad compete al hijo dura toda la vida de éste, y se transmitirá a sus herederos si

falleciere en la menor edad o en estado de demencia. En estos casos tendrán los herederos cinco años de término para entablar la acción.

"La acción ya entablada por el hijo se transmite por su muerte a los herederos, si antes no hubiese caducado la instancia."

En 1902 el Legislador Puertorriqueño sustituyó el artículo 118 por el 199 del Código Civil Revisado que dice:

"Art. 199.—La acción para reclamar su filiación dura hasta dos años después de ser el hijo mayor de edad, y se trasmitirá a sus herederos si falleciere en la menor edad o en estado de demencia. En estos casos tendrán los herederos cinco años de término para entablar la acción."

En 1911 el propio Legislador, por la sección 4 de la Ley No. 73, derogó expresamente el artículo 199 transcrito del Código Civil Revisado.

No existe hoy, pues, vigente en Puerto Rico, precepto alguno legal que regule de modo expreso la materia.

Siendo ello así, debemos acudir a la equidad que quiere decir que se tendrá en cuenta la razón natural de acuerdo con los principios generales del derecho, y los usos y costumbres aceptados y establecidos. Artículo 7 del Código Civil de Puerto Rico.

Comentando el artículo 137 del antiguo Código Civil que ha vuelto a ser ley en Puerto Rico desde 1911—artículo 126 del Código Civil de Puerto Rico (1930)—la Enciclopedia Jurídica Española expresa:

"No dice concretamente quién puede entablar esta acción, si bien el núm. 1º. parece atribuirla al hijo, cual si fuera el único interesado en conseguir una filiación determinada.

"Pero después de la muerte del mismo, ¿se extingue la acción, o, por el contrario, pasa a sus herederos o sucesores? Hay varias opiniones: unos creen que las palabras de la ley, envuelven la afirmativa a la primera cuestión, mientras otros entienden lo contrario, porque consideran a los herederos y sucesores como interesados, al menos pecuniariamente, en el ejercicio de esta acción, es decir, que del propio modo que éstos pueden impugnar el reconocimiento, han de poder hacerlo de su obtención, claro que si se interpone sin transcurrir el término mencionado.

"Sin embargo, la tendencia de la jurisprudencia extranjera consiste en declarar que la investigación expresada no es posible más que en interés del hijo, y constituye un derecho exclusivo inherente a su persona, y que, en su consecuencia, después de la muerte de aquél, tal derecho no es transmisible a sus descencientes ni a los demás herederos, y claro que menos a los acreedores.

"¿Y si el fallecimiento del hijo sobreviene después de haber entablado la acción? Parece que, trabada la litis, pueden continuar aquéllos él pleito, si les conviene, o desistir con arreglo a derecho cuando se les notifique su existencia."

No hay duda alguna de que la acción de filiación es personal y de que existe la máxima *Actio personalis moritur cum persona*. Pero ya en el caso de *Porto Rico Ry. Lt. & P. Co.* v. *Corte de Distrito*, 38 D.P.R. 340 tuvimos ocasión de citar abundante jurisprudencia con respecto a que esa máxima está completamente descartada en el presente y ningún juez ni comentarista la ha defendido durante los últimos doscientos años, estableciendo la siguiente jurisprudencia:

"El derecho a reclamar daños y perjuicios por lesiones sufridas por una persona a virtud de la culpa o negligencia de otra, ya ejercitado en corte y trabada la contienda, no es uno personalísimo que muera con el reclamante, pudiendo sus herederos como continuadores de su personalidad seguir ejercitándolo."

Y ésa es la regla que debe prevalecer en este caso. El hijo tenía la acción y la ejercitó. A virtud de ella, si triunfaba, adquiriría un *status*—condición de hijo natural reconocido con derecho a llevar el apellido del que lo reconoce y a percibir la porción hereditaria que determina la ley—artículo 127 del Código Civil de Puerto Rico—que era trasmisible a sus herederos. Siendo ello así, tienen éstos derecho a continuar la acción dentro de la regla general contenida en el artículo 69 del Código de Enjuiciamiento Civil.

Claro es que todo cuanto hemos dicho para que pueda tener realidad práctica depende en este caso concreto de la cuestión de prescripción, a cuyo estudio y decisión procederemos en seguida.

■ Alegó el demandante en su demanda enmendada, en resumen, que don Francisco María Franceschi falleció en Ponce, P. R., el 30 de septiembre de 1927, bajo testamento abierto, siendo viudo y sin dejar descendientes legítimos, ni ascendientes; que instituyó como sus únicos y universales herederos a varios parientes colaterales que se nombran, quienes tomaron posesión de la herencia y perciben sus frutos desde el fallecimiento del testador; que en el referido testamento no fué preterido como heredero el demandante, si bien se le dejó solamente el legado de varias casas y solares que se describen y de cierta cantidad de dinero;

"7.—Que don Francisco María Franceschi reconoció expresamente como su hijo natural al demandante, en documento indubitado y auténtico, que según nuestra mejor información y creencia, es del tenor siguiente:

" 'ACTA. En la ciudad de Ponce, a los once días del mes de marzo de mil ochocientos noventa. Yo, Francisco María Franceschi por la presente hago constar solemnemente que durante mi vida de soltero sostuve relaciones amorosas y viví con Constanza Gastón, de color negro, habiendo procreado y tenido con ella y como fruto de su unión un hijo llamado Francisco y que el Pueblo le llama Gastón.

" 'Declaro por este documento que Francisco Gastón es mi hijo y lo reconozco como tal como así se le prometí a Constanza a la hora de su muerte.

" 'Ante Dios, ante mi conciencia y ante el público no puedo negar este hecho, por lo que todo el mundo sabe que es mi hijo y en ese concepto lo tengo.

" 'Hago este reconocimiento de buena fe, aconsejado por mi conciencia y mi amigo Antonio Luchetti; pero como mi esposa Margarita se opone tenazmente porque puede perjudicar a los hijos que pudiera tener en ella, no puedo hacer este reconocimiento en escritura pública.

" 'Sin embargo, si no tuviere hijos en mi esposa, le ruego al que encontrare este documento después de mi muerte, lo presente a un notario o al Juez de Primera Instancia de Ponce, o al mismo hijo mío Francisco Gastón, para lo que pudiera servirle.

" 'Digo también que lo único que me impide reconocer ante Notario a mi hijo Francisco es la oposición de mi esposa; pero lo hago por medio de esta acta que deseo tenga la misma fuerza que si fuera

por documento público. Firmado y rúbrica. F. M. Franceschi, Testigo.' "

"9.—Que el demandante ha tenido conocimiento de la existencia de dicho documento por el rumor público, seis meses después del fallecimiento de su señor padre, don Francisco María Franceschi, y sólo hace quince días ha obtenido copia del mismo, que considera fiel y exacta, según nuestra mejor información y creencia y que a la fecha de la interposición de la demanda original no habían transcurrido seis meses todavía de tener noticias el demandante del referido documento."

"10.—Que el demandante es fruto de la unión carnal en concubinato de su señora madre doña Constanza Gastón y don Francisco María Franceschi, habiendo nacido el demandante en Ponce, Puerto Rico, el día 4 de octubre de 1868, mientras existía dicha unión y que así en dicha fecha, como en la de la concepción del demandante, sus padres eran solteros y no existía entre ellos ningún otro impedimento legal para casarse."

"11.—Que el demandante fué reconocido privada y públicamente por su padre natural, don Francisco María Franceschi, como tal hijo desde su nacimiento y que desde antes del año 1899, tenía el demandante el *status* de hijo natural reconocido de don Francisco María Franceschi y se hallaba en la posesión constante del estado de tal hijo natural, habiéndole siempre su padre tratado y llamado hijo, alimentado y asistido en todas sus necesidades."

"12.—Que independientemente del reconocimiento expuesto en la alegación séptima, el demandante fué reconocido en vida de su padre, don Francisco María Franceschi, en documento público y notarial, según información y creencia del demandante, quien no ha podido encontrar todavía dicho documento."

A esa demanda se adujeron las siguientes excepciones:

"Primero:—Que la demanda interpuesta en este caso no expone hechos suficientes para determinar una causa de acción.

"Segundo:—Los demandados interponen contra la demanda enmendada en este caso la excepción previa de falta de causa de acción, basada en la prescripción de la acción de filiación.

"Fundamento: Porque cualquier acción que hubiera podido tener el demandante en este caso ha prescrito por haber transcurrido desde la fecha en que pudo ejercitar dicha acción hasta la fecha de la radicación de la demanda, más del tiempo que la ley señala para establecer dicha acción. Según la demanda dicho demandante nació en 4 de octubre de 1868, y la demanda original en este caso

se radicó el día 15 de octubre de 1928. De acuerdo con los artículos 198 y 199 y 1840 del Código Civil Revisado que empezó a regir el día primero de julio de 1902, y el artículo 194 del mismo Código tal como quedó enmendado por la Ley de 9 de marzo de 1911, y sus concordantes del Código Civil antiguo (Español) en sus artículos 137 y 1939, que empezó a regir el día 31 de julio de 1899, en consonancia con la regla cuarta de las disposiciones transitorias para la aplicación de ambos Códigos, del antiguo (Español) y del Revisado, cualquier acción que hubiera podido tener el demandante Francisco Gastón en este caso ha prescrito y tal prescripción aparece de la faz de la demanda según claramente lo tiene resuelto la Corte Suprema de Puerto Rico en varios casos y especialmente en el típico exactamente igual al presente de Figueroa vs. Díaz et al., 20 D.P.R. página 284, 31 D.P.R. página 728.''

La corte, como ya dijimos, declaró las excepciones con lugar, registrándose luego una sentencia, a petición del propio demandante, desestimando la demanda.

Se ha discutido largamente por las partes sobre el hecho de si se trata o no del ejercicio de una acción de filiación. A nuestro juicio por muy hábil que sea la presentación de su caso por la parte demandante, no le es posible dejar de reconocer que se trata de una acción de filiación tendente a establecer en forma auténtica y fehaciente el reconocimiento de un hijo natural no hecho de tal modo.

La alegación de haber sido reconocido el demandante en documento público, esto es, en forma auténtica y fehaciente, que dejamos transcrita en los mismos términos en que consta en la demanda, está hecha en forma tan vaga, que no es posible reconocerle fuerza por sí sola para variar por completo la naturaleza del litigio. Claro está que si la parte interesada encuentra el documento a que se refiere, podrá hacer valer sus derechos inmediatamente sin dificultad.

Dentro del campo de la acción de filiación indicada (reconocimiento de hijo natural) la parte apelante ha argumentado admirablemente en contra de la jurisprudencia de esta Corte Suprema relativa a la prescripción de esa clase de acciones, establecida desde hace muchos años en una larga se-

rie de casos, algunos de los cuales fueron confirmados por la Corte Suprema de los Estados Unidos. *Córdova (Rijos)* v. *Folgueras,* 227 U. S. 375; *Calaf* v. *Calaf,* 232 U. S. 371.

Esa jurisprudencia se estableció a virtud de una cuidadosa consideración no sólo de la ley y de la jurisprudencia aplicables, sino de las mismas condiciones del país después del cambio de la soberanía española a la americana, y no vemos razón alguna de peso para variarla en los actuales momentos. (*Gual* v. *Bonafoux,* 15 D.P.R. 559; *Puente* v. *Amsterdam,* 16 D.P.R. 554; *Escobar* v. *Escobar,* 16 D.P.R. 590; *Rijos* v. *Folgueras,* 16 D.P.R. 624; *Calaf* v. *Calaf,* 17 D.P.R. 198; *Jesús* v. *Sucn. Pérez Villamil,* 18 D.P.R. 403; *Questel* v. *Conde,* 18 D.P.R. 752; *Roble* v. *Sucn. Pérez,* 18 D.P.R. 929; *Osorio* v. *Sucn. Pérez,* 18 D.P.R. 932; *Santiago* v. *Sucn. Mata,* 19 D.P.R. 169; *Rosado* v. *Sucn. Mata,* 19 D.P.R. 307; *Castro* v. *Solís,* 19 D.P.R. 677; *Jesús* v. *Sucn. Pérez Villamil,* 19 D.P.R. 893; *Figueroa* v. *Díaz,* 20 D.P.R. 284; *Orta* v. *Arzuaga,* 23 D.P.R. 260; *Castro* v. *Solís,* 23 D.P.R. 516; *López* v. *López,* 23 D.P.R. 824; *Ramírez* v. *Ramírez,* 30 D.P.R. 617; *Ciuró* v. *Ciuró,* 31 D.P.R. 728; *Vázquez* v. *Rucabado,* 33 D.P.R. 439; *Guadalupe* v. *González,* 34 D.P.R. 669; *Resto* v. *Silva,* 38 D.P.R. 332.) Este caso no puede distinguirse en verdad del de *Ciuró* v. *Ciuró et al.,* 31 D.P.R. 728.

Quizá sea conveniente agregar que aun cuando fuera aplicable la Ley No. 73 de 1911, esto es, el artículo 126 del Código Civil de Puerto Rico (1930), dado el tiempo transcurrido a partir del hallazgo del documento, sería por lo menos muy dudoso que el demandante hubiera podido acogerse a sus prescripciones.

*Debe confirmarse la sentencia recurrida.*

El Juez Asociado Señor Hutchison está conforme con que se declare sin lugar la caducidad pero no con que se declare sin lugar el recurso. A su juicio la sentencia debe ser revocada.